IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MELVIN L. FARRIS                                                                           PLAINTIFF

v.                                          NO. 14-5091

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Melvin L. Farris, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Titles II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his application for DIB on April 24, 2007, alleging an inability to work since February 1, 2007, due to neck and shoulder problems. (Tr. 88). For DIB purposes, Plaintiff maintained insured status through March 30, 2013. (Tr. 360, 540). An administrative hearing was held on February 3, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 17-42).

In a written decision dated June 1, 2009, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 48-54). The Appeals

Council declined review of the ALJ's decision on February 16, 2010. (Tr. 1, 432).

Plaintiff appealed the ALJ's June 1, 2009, decision to this Court. In a decision dated June 21, 2011, this Court remanded the case back to the Commissioner to further develop the record, and to re-evaluate Plaintiff's impairments. (Tr. 451-457). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on February 6, 2012. (Tr. 459-462). Plaintiff's subsequent applications were combined with the Court remand application. A supplemental administrative video hearing was held on July 9, 2012. (Tr. 376-409). Plaintiff appeared with counsel and testified.

By written decision dated May 2, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 362). Specifically, the ALJ found Plaintiff had the following severe impairments: a musculoskeletal disorder (back disorder, cervical degenerative disc disease post fusion surgery); and a vision disorder (visual disturbance secondary to scarring from injury). However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 363). The ALJ found that through the date last insured Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except as follows: The claimant is able to frequently lift and/or carry ten pounds and occasionally twenty pounds, sit for a total of about six hours in an eight hour workday, and stand and/or walk for a total of about six hours in an eight hour workday. The claimant cannot perform work that requires binocular vision. He cannot perform overhead work.

(Tr. 363). With the help of a vocational expert, the ALJ determined that through the date last insured, Plaintiff could perform work as a toy assembly worker, a warehouse inspector/checker,

and a bottle line production worker. (Tr. 368).

Plaintiff then requested a review of the hearing decision by the Appeals Council which issued an unfavorable opinion, that included the time period for Plaintiff's subsequent SSI application, on January 14, 2014. (Tr. 347-355). Plaintiff now seeks judicial review of that decision. (Doc. 1). Both parties filed appeal briefs, and this case is before the undersigned pursuant to the consent of the parties. (Doc. 7; Doc. 11; Doc. 13).

## II.     Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v.

AO72A
(Rev. 8/82)

Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the

claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform light work with limitations. Specifically, the ALJ found that Plaintiff could not perform "overhead work." A review of the medical record revealed that Dr. Ahmand Al-Khatib performed a consultative neurological examination on August 11, 2012, and after examining Plaintiff and reviewing test results, opined that Plaintiff had mild limitations in carrying and handling objects. (Tr. 879). On August 15, 2012, Plaintiff underwent a consultative general physical examination performed by Dr. Konstantin Berestnev. (Tr. 831-835). After examining Plaintiff, Dr. Berestnev opined that Plaintiff could not lift or work above the shoulders. While the ALJ found Plaintiff could do no overhead work, the handling limitations placed on Plaintiff by Dr. Al-Khatib were not addressed by the ALJ. Accordingly, the Court does not find substantial evidence to support the ALJ's RFC determination.

On remand, the ALJ is directed to to address interrogatories to the physicians who have evaluated and/or treated Plaintiff asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question;

and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. Specifically, the ALJ should request that the physicians address any handling and reaching limitations that Plaintiff might have due to his impairments.

With regard to step five of the sequential evaluation process, the vocational expert testified that a hypothetical individual with Plaintiff's RFC could perform work as a toy assembly worker, a warehouse inspector/checker, and a bottle line production worker. The vocational expert was not asked if his testimony conflicted with the Dictionary of Occupational Titles (DOT). However, the DOT indicates that a toy assembler, a warehouse inspector/checker, and a bottle line production worker, all require frequent handling and reaching.[1] See DICOT §§ 731.687-034, 222.687-010, 920.687-042 at www.westlaw.com. "[W]hen [vocational expert] testimony conflicts with the DOT, the DOT controls when the DOT classifications are not rebutted" Jones v. Astrue, 619 F.3d 963, 978 (8th Cir. 2010) quoting Dobbins v. Barnhart, 182 F.App'x. 618, 619 (8th Cir. 2006). Due to the inconsistency between the vocational expert's testimony and the DOT, even if the Court found substantial evidence to support the ALJ's RFC finding, the Court does not find substantial evidence showing Plaintiff could perform other work as a toy assembler, a warehouse inspector/checker, and a bottle line production worker. Accordingly, the Court believes remand is also necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's ability to perform other work in the national economy.

---

[1] According to the Regulations, handling is defined as seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands. S.S.R. No. 85-15, 1985 WL 56857, *7 (1985). Reaching is defined as extending the hands and arms in any direction. Id.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 2nd day of March, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE